**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SABRINA K. NELSON,**

  **Plaintiff,**

**v.**                **Case No.  8:07-cv-583-T-TBM**

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

  **Defendant.**
_____/

**O R D E R**

  The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits and Supplemental Security Income payments.  For the reasons set out herein, the decision is affirmed.

I.

  Plaintiff was 45 years of age at the time of her administrative hearing in June 2006. She has a ninth grade education with a GED.  Her past relevant work was in collections and as a CNA.  Plaintiff applied for disability benefits and Supplemental Security Income payments in March 2003 (protective filing date), alleging disability as of November 24, 2001, by reason of neck and back problems and associated pain.  The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. No other witnesses were called.

In essence, Plaintiff testified that she no longer could work because of back problems and pain in her lower back and legs.[1] By her account, she has lumbar and cervical disc problems and bilateral sciatic pain. Efforts at returning to work even on a part-time basis have failed. She has tried various things for pain without much success. While different treatments or medications for pain have helped make her pain more tolerable, nothing has relieved it totally. She suffered an allergic reaction to the adhesive in one type of pain pad and was currently using a different kind. In addition to the pain in her neck, back, and legs, Plaintiff complains of breathing problems. She smokes one to one and a half packs of cigarettes per week. Plaintiff also complains of constant and severe headaches. By her account, she has ten or more headaches a month that she describes as migraine headaches and tension on her neck. When these occur, she must lie down in a dark room for relief. The pain is so bad that sometimes she cannot eat and gets nauseous. On occasion, the headaches last three days. Her medication helps some. Plaintiff testified that even if offered a sedentary job, she could not work because her headaches would prevent her from concentrating and her attendance would not be dependable.

Plaintiff testified that she hardly has any energy. She takes care of her eleven year old daughter on a daily basis. Plaintiff helps her daughter with her homework. Although her

---

[1]Although not discussed at the hearing, the injuries appear the result of an automobile accident in November 2001.

daughter has a computer, Plaintiff cannot sit at the computer for more than two hours due to her pain.  Plaintiff has good days and bad days.  On good days, she might clean her house but on bad days she cannot even get out of bed because of her lower back and hip pain.  She tries to do some ceramic painting as a hobby.  She occasionally drives to the doctor's office or the grocery store.  Plaintiff attempted to take a recent vacation with another individual and their children, but they got only as far as North Carolina and they had to turn around because of the pain in her legs and neck.  According to Plaintiff, the pain was so bad she could hardly stand being in the car.  She has difficulty sleeping and had taken Ambien.  However, Medicaid stopped paying for the medication.  *See* (R. 354-369).

Also before the ALJ were medical records outlining the Plaintiff's medical history.  These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of October 19, 2006, the ALJ determined that while Plaintiff has severe impairments related to cervical and lumbar degenerative disc disease, she nonetheless had the residual functional capacity to perform a wide range of medium exertional work.  Thus, she is capable of occasionally lifting and carrying fifty pounds and frequently lifting and carrying twenty-five pounds; and she can sit, stand, and walk for about six hours in an eight-hour workday, but is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling.  Upon this finding, the ALJ concluded that Plaintiff could perform her past work as a collection clerk.  Upon this conclusion, the Plaintiff was determined to be not disabled.  (R. 10-15).  The Appeals Council denied Plaintiff's request for review.

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw

4


inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

The Plaintiff raises three claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The ALJ failed to give proper weight to the opinions of Claimant's treating physicians and instead relied on the opinion of a non-examining state agency consultant;

(2) The ALJ failed to properly consider Claimant's subjective complaints including pain; and

(3) There is no substantial evidence to support the ALJ's findings that Claimant could perform a full range of medium work and could therefore meet the physical and mental demands of Claimant's past work as a collection clerk.

At the outset, I tend to agree with Plaintiff's contention that substantial evidence does not support that she could perform a wide range of medium exertional work. In reaching that conclusion, the ALJ adopted the assessment of a nonexaming, state agency doctor. Under applicable principles, the opinions of nonexamining doctors are entitled to little weight if contrary to those of examining doctors. *See Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Here, the ALJ attempted to support his conclusion by finding that the nonexamining doctor's assessment was consistent with that of Dr. John Anthousis, a treating physician who concluded that Plaintiff had only a 12% disability rating by reason of her spinal condition. *See* (R. 15, 74-78). However, it is not at all clear that Dr. Anthousis's assessment was consistent with, or supported, the conclusion that Plaintiff could do a wide range of medium exertional work.[2] Further, I agree with Plaintiff that no other treating doctor made findings that support such a conclusion. However, I ultimately find that the ALJ's alternative conclusion, i.e., that even if Plaintiff could perform only light or sedentary exertional work she was capable of performing her past type sedentary work, is supported by the substantial evidence. Thus, the conclusion that Plaintiff was not disabled is properly affirmed.

---

[2]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c). This treating doctor found that Plaintiff had cervical and lumbar sprain, thoracic strain, substantially limited range of motion throughout her cervical and lumbar spine, sensory deficits and pain of a permanent nature. The first state agency reviewer considering this evidence found Plaintiff limited to a range of light exertional work. While I recognize that it is for the ALJ to evaluate and weigh the evidence, Dr. Anthousis's assessment may be read to disallow for a wide range of medium exertional work. Standing alone, the opinion of the nonexamining, state agency doctor was entitled to little weight.

By her other claims, Plaintiff first argues that the ALJ failed to give proper weight to the opinions of Dr. Carissa Stone and Dr. Anthousis.[3] Plaintiff urges that the reasons stated by the ALJ for discounting Dr. Stone's opinions are not supported by substantial evidence. On the contrary, she claims the opinions are supported by clinical and objective findings and should not have been rejected by the ALJ. She also maintains that Dr. Stone's opinions were consistent with, and supported by, those of Dr. Anthousis.[4] By her second claim, Plaintiff complains of the manner in which the ALJ discounted her subjective pain complaints. By her account, her intractable low back and neck pain, chronic headaches, fatigue, drowsiness, inability to sleep, and inability to concentrate due to pain and side-effects of medications were factors deserving of consideration by the ALJ and the ALJ both failed to consider the medical evidence supporting her subjective testimony and inappropriately rejected it on the basis of her daily activities, which she claims the ALJ misrepresented. Because the resolution of both claims depends mainly on the accuracy of the ALJ's review and consideration of Plaintiff's medical record, they are addressed together.

---

[3]When considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

[4]By this first claim, Plaintiff also suggests that the ALJ mischaracterized the consultative psychological evaluation of Dr. Whiting, which Plaintiff urges supports the assessment by Dr. Stone. This claim is without merit. Dr. Whiting's report does not speak to Plaintiff's physical state in any significant way and Plaintiff wholly fails to demonstrate any error in the ALJ's conclusion that she does not suffer a severe mental impairment.

As for Dr. Stone, she provided a physical functional capacity assessment in January 2005, which essentially found Plaintiff disabled from all work. (R. 263-67). As the decision reflects, the ALJ ultimately gave this assessment little weight after considering the entire record. In reaching his conclusion, the ALJ repeatedly cited to the lack of objective signs and findings to support a conclusion that Plaintiff suffered from a disabling condition. Thus, the decision reflects the finding that Dr. Stone's records "contain essentially no objective signs and findings except for some noted tenderness in the low back and right hip." (R.13). As for those records after the second motor vehicle accident in 2005, the ALJ noted that the records of Dr. Stone and Dr. Patel again reported no objective signs or findings. *Id.* In addressing the opinion evidence by Dr. Stone, the ALJ stated, "while Dr. Stone expressed extreme restrictions, her treatment records contain essentially no objective signs or findings of any impairment. Further, Dr. Stone's extreme restrictions are inconsistent with Claimant's own described activities of daily living."[5] (R. 15).

After thorough consideration of the medical evidence, I find that the ALJ adequately articulated reasons for discounting Dr. Stone's opinion that Plaintiff was incapable of even sedentary work. First, the ALJ is correct that there is an absence of objective findings in Dr. Stone's reports. I am unable to find a single report of an x-ray, CT scan, or MRI testing of Plaintiff's spine ordered and reviewed by this doctor during her long course of treatment. While there is occasional reference in her notes to such testing, there are no reports or

---

[5]In addressing Plaintiff's daily activities, the ALJ noted that Plaintiff cared for herself and her daughter; walked her daughter a mile to and from school each day; performed household chores such as cooking, vacuuming, mopping, laundry, and washing dishes; and continued to shop, drive and care for her own personal needs.

significant discussion of the same.[6]  Second, there is a dearth of significant clinical findings in the doctor's reports.  When there is reference to a clinical finding in the doctor's notes, as the ALJ determined, it reflects merely tenderness to palpation in the low back and hip.  *See, e.g.* (R. 203, 220, 306).  Furthermore, on more than one occasion, this doctor noted that Plaintiff suffered from a history of old disc injuries that showed no herniations only bulges and no other explanation for her pain problem.  *See, e.g.* (R. 220, 311).  I cannot find any reports imposing significant work restrictions either prior to the submission of the doctor's residual functional capacity questionnaire at issue or thereafter.  It is against this backdrop that the ALJ considered the opinions in the questionnaire.  In my view, the ALJ could properly conclude that the extreme limitations imposed by Dr. Stone were not supported by the objective or clinical findings in the record.

     The ALJ also cited to Plaintiff's daily activities in discounting the doctor's opinion.  On my review, Plaintiff maintained a relatively active daily regimen (on her "good days") which counseled against a finding that she was totally disabled.  Even if I were to agree with her that the ALJ put too rosy a gloss on her testimony in this regard, I would still find that the ALJ's finding that she remained active in ways that also undermined her claim of disabling impairments is supported by the record.

---

[6]After Plaintiff's first accident and during her care at the Complete Care Clinic, there were x-rays and MRIs obtained.  *See* (R. 79, 98, 109, 119).  These reflect a disc bulge at C5-6 and spondylosis indenting the thecal sac, bulge at L5-S1 effacing the ventral epidural fat, mild cervical lordosis and normal lumbar lordosis.  While Dr. Anthousis found Plaintiff with certain physical restrictions, he discharged her with orders for physical therapy and medications.  His assessment gives no mention or suggestion of a wholly disabling condition.  After the accident in February 2005, CT scans of the spine were negative and no neural deficits were discovered.  (R. 268-83).

Under the applicable standard, an ALJ may discount the testimony of a treating doctor on explicit and articulated reasons. Good cause for rejecting a treating source's opinion may be found where the treating sources's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating source's opinion was conclusory or inconsistent with his or her own medical record. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis*, 125 F.3d at 1440); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). After a thorough review of the medical records, I agree with the Commissioner that the ALJ's decision to discount Dr. Stone's assessment and afford it little weight on the basis of the lack of medical support was adequately stated and supported by the record.

As for the ALJ treatment of Plaintiff's subjective complaints, for similar reasons I find that they were properly discounted to the extent that she claimed total disability. Here, in discounting Plaintiff's pain complaints, the ALJ again noted that "even though Dr. Stone opined Claimant was limited to less than sedentary work, the current medical records (including Dr. Stone's treatment records) fail to contain any objective signs or findings related to Claimant's back. Notably, cervical and lumbar x-ray and CT examinations from February 2005 were normal." (R. 14). As noted above, after an accident in February 2005, CT scans of the spine were reported as negative and no neural deficits were noted in the emergency room records. (R. 26-69, 274). Again, my own review of the medical records reveals the accuracy of the ALJ's assessment of Plaintiff's underlying impairments and supports the conclusion that while Plaintiff suffered some pain, it was not disabling as claimed.

I recognize that under this circuit's "pain standard," a claimant's subjective testimony supported by medical evidence that satisfies the standard can be sufficient to support a finding of disability. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). However, an ALJ may discount such subjective testimony under this standard by articulating explicit and adequate reasons for his decision. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). Here, the ALJ again cited Plaintiff's medical record and her daily activities as reasons for discounting her subjective complaints. I again conclude that such offered sufficient ground to permit the ALJ to reject Plaintiff's subjective claims of disabling pain.

By his decision, the ALJ concluded Plaintiff could perform a wide range of medium exertional work and was therefore capable of meeting the job demands of her former sedentary job as a collection clerk as such is generally performed. As noted above, there is reason to question Plaintiff's capacity for medium exertional work. However, I find no reason to question the alternative conclusion by the ALJ that "limiting Claimant to light, or even sedentary work, would not change the ultimate outcome of this decision, as Claimant's past relevant work was sedentary work and the medical-vocational guidelines would support a finding of "not disabled" given a functional capacity for a wide range of light or sedentary work."[7] (R. 15). Here, apart from the one assessment by Dr. Stone, the medical record

---

[7]The postural limitations identified by the ALJ would likely preclude application of the grids, at least at the light exertional level. However, such would not preclude Plaintiff from performing her past job as a collection clerk. *See* D.O.T. § 241.357-010.

11

otherwise clearly supports an RFC for at least sedentary work and more likely light exertional work. A remand in such circumstances would serve no useful purpose.[8]

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

**Done and Ordered** at Tampa, Florida, this 30th day of September 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[8] As noted above, by definition, the finding that one can do medium work dictates a conclusion that the claimant can also do sedentary and light work.

12